# Grace et ux., Appellants, *v.* Moll.

*Equity—Reconveyance of real estate — Principal and agent — Confidential relation—Defeasance—Acts of June 8, 1881, P. L. 84, and April 23, 1909, P. L. 137.*

1. A confidential relation may arise between principal and agent.

2. Ordinarily such relation does not exist and proof of the fact of confidence reposed must necessarily be much stronger than in other relations, such as parent and child, guardian and ward, and the like.

3. Where there is between principal and agent nothing more than the relation of borrower and lender of money, a confidential relation is not shown to exist.

4. Where fraud or confidential relation does not exist, a mere agreement by the grantee in an absolute deed of real estate to reconvey, establishes a defeasance which, to be effective, comes within the provisions of the Act of June 8, 1881, P. L. 84, as amended by the Act of April 23, 1909, P. L. 137, requiring the defeasance to be in writing.

5. Where a remainderman executes an absolute deed for real estate to a person to whom he is indebted, without any defeasance in writing, he cannot, in the absence of fraud, after the life tenant has died, establish a right to a reconveyance on the alleged promise by the grantee to reconvey; and this is so although the property has increased in value.

*Appeals—Findings of fact by chancellor.*

6. A chancellor's findings of fact based on sufficient evidence, will not be reversed on appeal, in the absence of manifest error.

Argued December 1, 1925. Appeal, No. 387, Jan. T., 1925, by plaintiffs, from decree of C. P. No. 5, Phila. Co., June T., 1924, No. 14137, dismissing bill in equity, in case of William E. Grace et ux. *v.* Edward M. Moll. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill for reconveyance of real estate. Before HENRY, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Bill dismissed.    Plaintiffs appealed.

*Error assigned* was, inter alia, decree, quoting it.

*James C. Crumlish,* for appellants.—Where the re-
lationship of confidence existed and the confidential
adviser availed himself of a bargain the burden is upon
him to show that no advantage was taken of the relation-
ship and that the transaction was free from suspicion
and conscionable: Darlington's Est., 147 Pa. 624;
Greenfield's Est., 14 Pa. 489; Corrigan v. Conway, 269
Pa. 273; Shea's App., 121 Pa. 302; Worrall's App., 110
Pa. 349; Miskey's App., 107 Pa. 611; Goodwin c. Mc-
Minn, 193 Pa. 646; Stewart v. Stewart, 230 Pa. 475;
Tetlow v. Rust, 227 Pa. 292.

*Albert W. Sanson,* for appellee.—There was no proof
that the conveyance to defendant had been procured
through fraud, accident, or mistake: Lohrer v. Russell,
207 Pa. 105; Oliver v. Oliver, 251 Pa. 574.

Parol evidence must be clear, precise and indubitable
and such as carries conviction to the mind: Trio Waist
Co. v. Larkin Co., 28 Pa. Dist. R. 947; Jackson's Est.,
203 Pa. 33; Winter's Est., 29 Pa. Dist. R. 982.

Opinion by Mr. Justice Kephart, January 4, 1926:

Appellant endeavored to compel a reconveyance of a
one-half interest in certain real estate conveyed by him
to appellee by a deed absolute on its face.   His claim
that the property was conveyed as security for loans
made by appellee when he occupied the position of con-
fidential agent, which loans appellant was willing to
repay, was held by the court below to be unfounded.

There is no doubt that a confidential relation may
arise between principal and agent: Darlington's Est.,
147 Pa. 624, 629; Leedom v. Palmer, 274 Pa. 22, 25.
Ordinarily it does not exist and proof of the fact of
confidence reposed must necessarily be much stronger

than in other relations, such as parent and child, guardian and ward, and the like. The testimony shows nothing more than the relation of a borrower and lender of money, with the necessary incidents; it does not create a confidential relation. The circumstances attending all these transactions are not sufficient on which to predicate a confidential relation, such as would thrust on appellee, or any person in like circumstances receiving property, the burden of showing the utmost good faith was exercised and that the transaction was fair, conscionable and beyond the reach of suspicion: Corrigan v. Conway, 269 Pa. 373, 377. Where an absolute deed has been given as security for a loan, the law points out a method whereby complete protection may be secured to the borrower.

Apart from a confidential relation, whether fraud may be laid hold of to compel a reconveyance need not be decided; the evidence and findings of the chancellor, however, are adverse to the claim of fraud.

Where fraud or confidential relation does not exist, a mere agreement to reconvey establishes a defeasance which, to be effective, must comply with the provisions of the Act of June 8, 1881, P. L. 84, amended April 23, 1909, P. L. 137, as follows: "No defeasance to any deed for real estate, regular and absolute upon its face,...... shall have the effect of reducing it to a mortgage unless the defeasance is made at the time......in writing, signed, sealed and acknowledged." We need not cite the numerous authorities based on this act which show that contracts like the one in question cannot be enforced.

Appellant's testimony alone supports the agreement. While the loan was secured and the deed given when appellant was a remainderman, the life tenant is now dead these facts do not change the circumstances existing when the deed was given, even though his interest in the property may be more valuable. Both appellant and his wife knew the deed was an absolute one, as the paper of settlement executed at the same time certifies,

and there were letters written after the deed was given containing offers to repurchase the property. These show not only appellee's title but also the circumstances under which he secured that title. Appellee, from the date of the conveyance in 1921 to the date of the institution of this suit in 1924, has paid one-half the interest on the mortgages against the property at the time he purchased, and he has secured other loans for appellant on his half interest. The latter waited three years to institute this action, at the same time filing a bill in partition alleging joint ownership with appellee in the property. The findings of fact of the chancellor are conclusive against him, there being ample evidence to support them. We are not at liberty to disturb the decree even if we so desired. While the property may be more valuable, it was not unreasonably so, being purchased while the prior estate was in full being; appellant, having made his own bargain, must, under the decision of the court below, stand by it.

The decree of the court below is affirmed at the cost of appellant.