## Williams's Estate.

Argued February 3, 1930. Before Moschzisker, C. J., Frazer, Walling, Simpson, Sadler and Schaffer, JJ.

*Arthur C. Dale,* with him *George W. Zeigler,* for appellant.—The accountant, Dr. Diener, after showing credits and a balance due the estate of W. R. Williams shows an assignment of all property of the estate to C. V. L. Diener and wife, in consideration of maintenance and support until her death. Such agreements have never been doubted as to the validity, especially

where there has been actual delivery of all the property in pursuance of said agreement, there being good consideration to support the transfer: Lamb v. Miller, 18 Pa. 448; Shirely v. Shirely, 59 Pa. 267; Henninger v. Henninger, 202 Pa. 207.

There can be no doubt that this widow, Margaret A. Williams, took an absolute estate in the property of testator: Bernitz v. Hydeman, 268 Pa. 216; Roger's Est., 245 Pa. 296; Forsythe v. Forsythe, 108 Pa. 129; Hinkle v. Rehm, 16 Pa. Superior Ct. 470; Houser v. Houser, 268 Pa. 401; Kennedy v. R. R., 216 Pa. 575; Hege v. Ickes, 267 Pa. 57.

Upon a careful analysis of decedent's will, there can be no doubt that the primary intent of the testator, W. R. Williams, was to provide for his wife and her comfort and all else was secondary: Fidelity Trust Co. v. Bobloski, 228 Pa. 52; Lefebvre v. De'Arcy, 236 Pa. 235.

It is the duty of an administrator d. b. n. to settle an account for the part of the estate not administered by his predecessor in office and he is chargeable with such assets and nothing more: Wagner's Est., 227 Pa. 460; Kuntz's Est., 230 Pa. 557.

There is no evidence in the whole record of any fraud or deceit upon the part of the accountant nor any one else. The will of decedent vested in the widow an absolute power of disposition, and she exercised this power.

*Roland M. Morgan,* for appellee.—Even where there is an absence of a gift over on the death of the wife, although the absence of a gift over is some indication of a purpose to give the first taker an estate in fee, yet the will as a whole may disclose a contrary intention: McCullough's Est., 272 Pa. 509.

The extent of the widow's consumption of the estate was within her control. Her decision was without appeal but it must have been honestly reached in accordance with the purpose testator intended, and not merely colorful to defeat testator's will. She had power

to carry out his intention by sale, transfer and consumption of the proceeds in such a way as to leave nothing at her death. But a transfer with intent not to consume for herself, but to preserve for others after her death, and to change the beneficiaries after her from those chosen by her husband to others of her own selection would be a fraud on testator and his will: Tyson's Est., 191 Pa. 218; Rumsey's Est., 287 Pa. 448.

While ordinarily a confidential relation does not exist between principal and agent, there is no doubt such a relation may arise between them, if properly established from the facts in the case: Darlington's Est., 147 Pa. 624; Leedom v. Palmer, 274 Pa. 22; Grace et ux. v. Moll, 285 Pa. 353.

When such a relation exists, the party in whom confidence is placed is held to the strictest accountability.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, March 17, 1930:

W. R. Williams died, testate, July 24, 1920, survived by his widow, Margaret A. Williams, and no children or other lineal heirs. He appointed Mrs. Williams executrix, with the provision that, at her death, Dr. C. V. L. Diener (appellant here) was to be executor of his estate, "to make the final division" thereof. Testator disposed of his estate thus: "I give, devise, and bequeath all my......estate......unto my wife......for her own use and benefit, forever to use and dispose of as she sees fit." After this, in other paragraphs, testator directed: "At the death of my wife, I will and direct that all my just debts be paid and the following divisions of the estate be made." Then, after bequeathing $100 to a niece, he directed that the balance of his estate should go, one-half to his brother, C. L. Williams (named as appellee on this appeal), and the other half to two other nieces.

Testator's widow died September 6, 1922; whereupon C. V. L. Diener petitioned for letters d. b. n. c. t. a., and

subsequently filed an account in that capacity, charging himself with cash received from the sale of real and personal property, $6,714.19, and asking credits of $2,-853.73, leaving for distribution a balance of $3,860.46. At the adjudication of this account, Dr. Diener claimed the entire balance on hand, under a written agreement dated June 1, 1922, wherein, after reciting various facts, Margaret A. Williams transferred and set over to appellant and his wife everything she owned, including all the property received from testator, and the assignees agreed to support and maintain the assignor for life, to bury her at death and to cancel all debts due by her to them. The auditor, appointed by the court below to pass on the account, found the fact of the assignment to appellant, and, without discussion, assumed its validity. When the matter came before the court below, on exceptions, it found that, at the time of the assignment to Dr. Diener, Mrs. Williams was a woman 72 years of age, in poor physical health, who, "lacking business experience," relied on the "advice and counsel" of the assignee, who, at that date, and for some time prior thereto, stood in a confidential relation to her. Appellant had taken Mrs. Williams into his home and had full charge of her personal and business affairs; he had made sales of property on her behalf and deposited all the moneys thus derived in his own personal bank account, making her allowances and paying her bills therefrom. The court further found that Dr. Diener had entirely failed to show that the transaction between him and Mrs. Williams, whereby he acquired the property in controversy, was the "free and intelligent act" of the assignor "fully explained to her," or that she had a "thorough understanding of the transaction and its consequences." In the absence of such proofs, it set aside the assignment and awarded the balance for distribution to the legatees named in the will of testator.

Appellant states only two questions involved: (1) Was the court below warranted, "in the absence of any

[express] evidence of fraud or deceit," in setting aside the assignment to him? (2) Under the law, could appellant, "as succeeding executor," be "surcharged with assets of an estate which never actually came into his possession as succeeding executor?"

We shall dispose of the second question first. To this end, it is sufficient to state that the court below made no surcharge. Its final order decrees distribution of the balance shown by appellant's account; and it is well established that, when a claimant "voluntarily" includes assets which he personally claims "in an account stated by him," he thereby submits the issue of his ownership to the judicial determination of the court wherein the account is filed: Williams's Est., 236 Pa. 259, 271.

As to the first question stated by appellant: The evidence shows that, prior to the assignment, Mrs. Williams had a "light stroke," and was not able to take care of her affairs; that she was "very frail and had been so for a long time." The rule is that, where one advanced in years and thus enfeebled conveys all her means of subsistence to another, who occupies a confidential relation toward her, and a claim of ownership is subsequently made by the grantee, the burden is upon the latter to show that the transaction in question was "fair, conscionable and proper, beyond a taint of suspicion of fraud, undue influence or overreaching" on the part of the grantee. In such a case, it is "not necessary that actual fraud should appear......; the burden of establishing perfect fairness......and equity is thrown upon the confidential adviser, and, if no such proof is established, courts......treat the case as one of constructive fraud." The point is not whether the grantor "knew what she......proposed to do, but how the intention was produced; whether all that care and providence was placed around her, as against those who advised her, which, from their situation and relation with respect to her, they were bound to exert on her behalf." The burden cast upon such a grantee can only be met

"by clearly showing that the value of the grantor's property and the inadequacy of the bargain [represented by the transfer] had been honestly brought home to [the grantor], or that [the grantor] had been given the opportunity of independent advice"; or, stating it another way, "such transactions are not condemned because of mental incapacity on the part of the grantor or proof of actual fraud, but because of the absence of that full and satisfactory proof that the contract in question was the free and intelligent act of the party, fully explained to him [or her], and done with a thorough knowledge of the bargain and all its consequences." See Matthaei v. Pownall, 235 Pa. 460, 464, 466, 467, 468. Corrigan v. Conway, 269 Pa. 373, is another case, with some features strikingly like the one now before us for adjudication, where the rules just stated are reiterated. Here, appellant undoubtedly occupied a close confidential relation to Mrs. Williams, and he utterly failed to meet the burden cast on him, in order to sustain the transfer under which he claimed; therefore the court below did not err in setting it aside.

For present purposes it is only necessary to decide the two points, already disposed of, submitted by appellant, and it is not necessary, nor would it be proper for us now, to determine the correct interpretation of testator's will, as to whether his widow owned the property which she took from him absolutely or had only a life estate with power to consume. Whatever the quantum of her estate, its assignment to appellant was properly set aside. Whether the award of the balance on hand should be to those representing the estate of Mrs. Williams or to the legatees named by the present testator, to take after his widow's death, can only be determined after the representatives of Mrs. Williams's estate have been properly notified and brought into the court below to contest, with the legatees named by testator, the issue suggested above.

448

The final decree of the court below, so far as the attack upon it by the present appellant is concerned, is affirmed at his cost, with directions to that tribunal not to make distribution until those representing the estate of Margaret A. Williams, deceased, have been notified and formally brought on the record in accordance with the views above expressed, and with leave to open the decree appealed from for the purpose just indicated.