## Bauman, Appellant, *v.* Reithel et ux.

240

Argued October 9, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*H. F. Stambaugh,* with him *Andrew G. Smith, Ralph H. Demmler* and *Watson & Freeman,* for appellant.— Where a finding is an inference or conclusion from other facts proved in the case, such finding is always open for review by the appellate court; the rule that findings of the trial judge will be sustained unless there is no evidence to support them or they are clearly erroneous, does not apply: Fidelity-Phila. Trust Co. v. Coal Co., 294 Pa. 47; Crick v. Paull, 287 Pa. 431; Hamilton v. Fay, 283 Pa. 175; Jefferson & Indiana Coal Co. v. Marks, 287 Pa. 171; Pa. Knitting Mills v. Bayard, 287 Pa. 216, 219; Lineaweaver's Est., 284 Pa. 384.

The defendants occupied a relation of trust and confidence toward plaintiff and exercised undue influence on her to secure the deed for her property.

The right of plaintiff to recover depends not on whether she knew what she was doing, but how the intention to sign the contract and convey the property to defend-

ants was produced: Matthaei v. Pownall, 235 Pa. 460; Corrigan v. Conway, 269 Pa. 373; Williams's Est., 299 Pa. 440.

Proof of mental incapacity is not necessary: Matthaei v. Pownall, 235 Pa. 460; Williams's Est., 299 Pa. 440.

A confidential relation is not confined to any specific association of the parties; it appears where there is on one side an overmastering influence, or on the other, weakness, dependence or trust justifiably reposed: Stepp v. Frampton, 179 Pa. 284; Matthaei v. Pownall, 235 Pa. 460; Leedom v. Palmer, 274 Pa. 22.

*Charles F. C. Arensberg,* of *Patterson, Crawford, Arensberg & Dunn,* with him *Charles A. Locke,* for appellees.—The facts in this case closely resemble the facts in the case of Lawrence v. King, 299 Pa. 568, and are ruled by the same principles.

The lower court found that the defendants have complied with their obligations, and the evidence fully bears out this finding.

OPINION BY MR. JUSTICE SADLER, November 24, 1930:

Elmira D. Bauman, an elderly widow of 83, without direct descendants, conveyed, on February 17, 1928, the house in which she resided to the defendants, who were then living as tenants in a part thereof. The land in question had been purchased on May 5, 1923, and on it a two-story house was erected the following year, having a market value of about $29,000 at the time of the transaction here questioned. The present bill was filed to secure the retransfer of this realty, claimed to have been conveyed to defendants as a result of fraudulent practices and for an inadequate consideration. The court below dismissed the proceeding, and many findings of fact, and four of the conclusions of law, upon which the decree was based, are assigned as error. The real complaint, as stated by the appellant, rests on the

assertion that the grantor was incompetent to execute a deed, with full understanding of its purport, and on the allegation that the terms of the contract, in consideration of which it was made, had not been carried out in good faith, but the court negatived these contentions. It also determined that the parties bore no confidential relation toward each other. These conclusions of fact, as well as those of law following therefrom, are complained of on this appeal.

The plaintiff, whose husband had died ten years before, became acquainted in 1919 with Louise Z. Reithel, one of the defendants. Their association was intimate and friendly, and so continued until the time this proceeding was begun. In 1924, Mrs. Bauman constructed the house in suit, containing two apartments, and, in 1927, at her solicitation, both defendants came to reside temporarily therein, rendering service and providing food and other necessities, receiving therefor the sum of $75 a month. Shortly thereafter, to prevent the possible departure of defendants to another home, the complainant determined to convey the premises to them, subject to an outstanding mortgage of $5,000, for $7,000 in cash, and the further stipulation that she should have the right to continue as a member of the family for the rest of her life without any charge or expense for board or rent. As a result of this proposal, all of the parties in interest consulted Charles E. Locke, Esq., the attorney for the Reithels, for the purpose of having their understanding reduced to writing, and an agreement of sale was prepared on January 11, 1928, as was a deed, which, however, is not the subject of the present litigation.

After this was done, Mr. Locke discovered that John C. Slack, Esq., had for many years acted in a professional capacity for both Mrs. Bauman and her deceased husband, and therefore deemed it improper for him to proceed further. He suggested that the proposed grantor consult with her regular counsel before completing

the transaction. Within a few days she did so, and requested him to carry out her wishes, explaining fully the plan proposed and the reasons for its consummation. On February 17, 1928, under the supervision of Mr. Slack and his assistant, Mr. Patton, a new deed was drawn, executed and acknowledged, varying in several respects from the one originally prepared, which changes counsel deemed necessary for the protection of his client.

As the court has found, her attorney thought the sale an unwise business venture for the plaintiff, and so privately advised her a number of times, but she insisted upon the completion of the plan submitted. The court found, and the evidence supports the conclusion, that Mr. Slack "did not doubt that she understood the arrangement and her competency to enter into it; and he regarded the consideration as a fair one. Mr. Patton, associate counsel with Mr. Slack, was of the same opinion." (Finding of Fact No. 10). Attention may be called to the fact that when the transfer was first proposed, Mrs. Bauman requested her family physician to make an examination so that any question as to capacity to transact business might be definitely determined. Later, at the doctor's suggestion, a specialist in nervous diseases also visited her, and both testified as to her mental capacity, and in fact witnessed the first deed prepared by Mr. Locke, for which the later conveyance now in question was substituted.

It was provided by the new contract that defendants execute a mortgage of $12,000, in part payment of the consideration, which was done, and from the proceeds the prior lien was paid and satisfied, and the balance of $6,838.17 credited to the bank account of the plaintiff. Further covenants, running with the land, were inserted in the deed, setting forth in detail the character of support to be furnished during the grantor's natural life. The conveyance was executed and recorded,

and Mrs. Bauman has continued to live, rent free, to this time, in the portion of the dwelling set apart for her, being furnished proper food and attention without expense, as agreed upon. She became dissatisfied with her bargain, asserting that the treatment accorded was not of the character required, and filed this bill asking a reconveyance of the property on May 4, 1929. The principal complaint pressed at the trial was based on a failure to furnish sufficient heat, but the court found this to be unwarranted, to which conclusion support is given by the records of the company which furnished the fuel consumed. Other allegations of bad treatment by Mrs. Reithel, based on the use of harsh words, unnecessary absence from home in the evenings, and a refusal on certain occasions to allow the plaintiff to use water for laundry purposes, were not sustained by the evidence, and therefore denied by the chancellor.

The court found plaintiff was mentally competent when the contract was made, and determined there was no undue influence exercised. The whole transaction was completed under the supervision of counsel of known integrity, and who had been her family lawyers for many years. Though they advised that she keep the property in her own name, yet both testified that she fully understood the arrangement, that her competency to engage in the business transaction was manifest, and, further, that the consideration, involving the payment of $12,000 and support for life, was fair. As was said by this court in a recent case (Thorndell v. Munn, 298 Pa. 1, 10), where the attempt was made to set aside a voluntary transfer by an elderly donor: "While a court of equity should, in proper cases, unhesitatingly set aside gifts between persons situated like decedent and defendant, the power to do so is of an exceedingly delicate character, not to be lightly exercised, and only to be invoked when the manifest justice of the case requires it."

A review of the evidence does not justify a conclusion that the parties bore such a confidential relation as to transfer to the grantees the burden of proving that the transaction was free from fraud or the exercise of undue influence: Weber v. Kline, 293 Pa. 85; Keen's Est., 299 Pa. 430; Lawrence v. King, 299 Pa. 568. The onus shifts only where there is some evidence of fraud or of weakened intellect, making imposition likely. "Where undue influence and incompetency do not appear, and the relation between the parties is not one ordinarily known as confidential in law, the evidence to sustain a confidential relation must be certain; it cannot arise from suspicion or from infrequent or unrelated acts": Leedom v. Palmer, 274 Pa. 22, 26; Grace v. Moll, 285 Pa. 353. The relations of the parties here involved found their beginning in 1919, and were most cordial until the defendants, upon request, moved into the home of Mrs. Bauman in 1927, and, thereafter, until this suit was brought. In previous years, Mrs. Reithel had been most attentive to her, without consideration, particularly at the time when an operation was had to remove cataracts from her eyes. No business transactions took place between them except as found in the performance of friendly services and the payment of the monthly board bill, from which obligation she was relieved by the deed of 1928.

In the present case, on ample testimony, the court found the grantor was competent and understood the purport of her actions. There was no proof of fraud, nor of mental incapacity on the part of the grantor. The court properly concluded that plaintiff had not met the burden of proof which would justify a direction to reconvey, and the bill was therefore dismissed. The testimony did not disclose any such confidential relation as to shift to defendants the duty to show the honesty of the transaction. Even had the contrary been true, the findings would justify the affirmative conclusion that no undue persuasion was resorted to, and

that the contract was the free, voluntary and intelligent act of Mrs. Bauman. The effect of the conveyance was fully explained to her, and entered into with a thorough knowledge of the bargain and all of its consequences, and for a consideration which was adequate: Williams's Est., 299 Pa. 440.

The decree of the court below is affirmed at the cost of plaintiff.