## Shaffer *v.* Shaffer, Appellant.

Argued December 3, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*John A. Cherry,* with him *A. R. Chase* and *Walter M. Swoope,* for appellant.

*Ross H. Pentz,* with him *John J. Pentz,* for appellee.

OPINION BY MR. JUSTICE DREW, January 20, 1942:

Plaintiff brought this bill in equity to impose a constructive trust upon certain realty standing in the name of defendant, one of her sons, and to compel him to convey it to her. From a decree ordering the conveyance, defendant appeals.

Plaintiff, Mary Elizabeth Shaffer, a woman now seventy-eight years old, owned two pieces of land in Clearfield County, which together with a third piece belonging to her husband comprise the farm which is the subject of this litigation. She and her husband conveyed the property in question to two of their thirteen children, Guy (the defendant) and Thomas, by deeds dated June 8, 1933, and February 7, 1933, respectively. At the trial of the case the learned Chancellor found the following facts: The conveyances to Guy and Thomas were made in pursuance of an oral understanding that the parents were to have the use and control of the land during their lives, and after their deaths it was to belong to the grantees; plaintiff and her husband were induced to make the conveyances partly by the persuasion of defendant, who represented that a claim was being asserted which might cause the loss of the property if it remained in the parents' names; plaintiff's husband died in 1936;

in 1934 Thomas conveyed his half interest to defendant at his mother's request; defendant was instrumental in persuading plaintiff to make the request, and as a reason therefor urged upon her the existence of a supposed claim against Thomas; at the time of the conveyance defendant was the oldest of plaintiff's sons residing at home, and plaintiff and her husband relied largely upon him in matters connected with the farm and particularly in the transactions resulting in the conveyances. The Chancellor further found that defendant had denied plaintiff's right to control the premises and had refused to declare a trust thereof for her benefit, to which defendant excepted.

There was no fraudulent intent on plaintiff's part shown, and it was conceded no creditor was defrauded. Defendant produced no evidence of the actual existence of either of the supposed claims threatening the property. He introduced an undelivered deed dated January 2, 1940, conveying a half interest to Thomas, and a trust agreement of the same date, by the terms of which defendant and Thomas declared that they held the property in trust, inter alia, "To be used as a home and residence for Mary Elizabeth Shaffer and under her full, complete charge and control for and during her natural life." This agreement was signed and acknowledged by defendant but not by Thomas.

The question for our determination is whether defendant must convey to plaintiff the two tracts received by him and Thomas from her on June 8, 1933, and also her intestate share and life estate in the tract received by him and Thomas from her husband on February 7, 1933. The other children not having sought to set aside their father's conveyance, that matter is not before us, and we have no power to affect their intestate interests in that property.

Plaintiff's argument is based on the theory that one who receives land upon an oral trust while standing in a confidential relation to the transferor will be held as a

constructive trustee for the transferor if he refuses to perform the trust (Restatement of Trusts, section 44). This rule is inapplicable, however, when the transferee subsequently executes a memorandum evidencing the trust, or confesses it in the course of litigation, because the Statute of Frauds (Act of April 22, 1856, P. L. 532, §4) is then satisfied and the express trust becomes enforceable: Restatement of Trusts, section 42; *Williams v. Moodhard,* 341 Pa. 273, 281; *Metzger v. Metzger,* 338 Pa. 564, 571; *Faunce v. McCorkle,* 321 Pa. 116, 119; *Kauffman v. Kauffman,* 266 Pa. 270, 275; *Hamnett v. Monongahela Trust Co.,* 223 Pa. 247, 251; *Cohen v. DeCicco,* 90 Pa. Superior Ct. 51, 55.

The Chancellor found that defendant had refused to declare a trust for his mother's benefit. This finding is not only without evidence to support it, but is directly opposed by the testimony of plaintiff's own witness, Thomas, who admitted that the trust agreement of January 2, 1940, was signed by defendant. This agreement was offered in evidence without objection. By its terms plaintiff was to have full use and control of the land during her life, which is exactly the provision of the oral trust found by the Chancellor. Defendant's exceptions to this finding (No. 11) should therefore have been sustained. The express trust being enforceable, there is no occasion for the imposition of a constructive trust under the rule advanced by plaintiff.

The effect of the conveyances of February 7 and June 8, 1933, was not only to create a trust for the lives of plaintiff and her husband, however, but also, after their death, to give defendant and Thomas remainder interests in the property. The Chancellor has found that defendant as plaintiff's son on whom she relied for advice stood in a confidential relationship to her. This finding applies to Thomas as well. In *Null's Estate,* 302 Pa. 64, 69, we said: "To establish a confidential relation it should appear that a confidence or trust was reposed in the child, occupying a position of supervision, authority

and general direction over the parent's business affairs
. . ." An examination of the record shows that the
Chancellor's conclusion was based on ample evidence.
It is well established that when one in a position of trust
or confidence receives a gift inter vivos from his confidant, if the transaction is questioned he must prove affirmatively that it is unaffected by any taint of undue
influence, imposition or deception: *McCown v. Fraser,*
327 Pa. 561, 565; *Williams's Estate,* 299 Pa. 440, 446;
*Corrigan v. Conway,* 269 Pa. 373, 377; *Matthaei v. Pownall,* 235 Pa. 460, 466; *Darlington's Appeal,* 86 Pa. 512,
518. In the instant case defendant offered no evidence in
explanation of plaintiff's contention that she was induced to make the gift by his representation, in which
Thomas acquiesced, that certain claims were threatening the property. The gift of the remainders to him and
to Thomas are accordingly presumed to have been obtained by fraud, and cannot be permitted to stand. Defendant will therefore be required to convey to plaintiff
in fee the interest he acquired in her property by reason of the conveyances to him made by plaintiff and
Thomas, and also to convey to plaintiff her life estate
and intestate share in the tract her husband conveyed
to defendant and Thomas, and to which defendant later
acquired full legal title. Since plaintiff was survived by
more than one child, her intestate share is one-third of
the interest remaining in her husband's tract after her
life estate therein is given effect. The decree of the court
below directing a conveyance of the entire property to
plaintiff must be thus modified for the reason that it deprived other heirs of plaintiff's husband, of whom there
are a great many, of their intestate rights, without their
having been made parties to the proceedings.

Decree as modified affirmed. Record remitted for the
entry of a decree in conformity with this opinion. Costs
to be paid by defendant.