359 A.2d 777

In re ESTATE of Alice G. CLARK, Deceased.

Appeal of John H. SMITH.

Supreme Court of Pennsylvania.

Argued Sept. 25, 1975.

Decided July 6, 1976.

Clifford A. Weisel, Weisel, Xides & Conn, Pittsburgh, for appellant.

Martin W. Sheerer, Dillman, Sheerer & Schuchert, Pittsburgh, John Sughrue, Clearfield, for appellee.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

EAGEN, Justice.

This is an appeal from a decree of the Court of Common Pleas of Allegheny County, Orphans' Court Division, sustaining an exception to the account filed by John H. Smith, as executor of the estate of Alice G. Clark.[1] The instant appeal represents the second time matters related to the estate of Mrs. Clark have been before this Court. See *Estate of Alice G. Clark,* 461 Pa. 52, 334 A. 2d 628 (1975). The background and circumstances giving rise to this particular appeal are as follows:

On November 12, 1971, John H. Smith wrote at Alice G. Clark's request what purported to be Mrs. Clark's last will and testament. That document made fourteen specific legacies totalling $56,000.00 among which were a $5000.00 bequest to Harry S. Leech, Mrs. Clark's nephew, and his wife, and a $10,000.00 bequest to Lyda Smith, wife of John H. Smith. The remainder of the estate, constituting approximately $135,000.00, was left to John H. Smith, a first cousin, as residuary beneficiary. Smith was also made executor without bond under the will. Alice G. Clark died on April 22, 1972 at age 77.

---

1. Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, art. II, § 202(3), 17 P.S. § 211.202(3) [Supp.1975–76].

On April 26, 1972, the above will was admitted to probate. Harry S. Leech appealed from the order of the Register of Wills alleging that the decedent lacked testamentary capacity and/or that the contested writing was procured by undue influence and duress practiced upon Mrs. Clark by John H. Smith. The Court of Common Pleas of Allegheny County, Orphans' Court Division, found that Mrs. Clark possessed testamentary capacity at the time the will was made. However, that court found that Mrs. Clark suffered from diminished mental and physical capacities; that a confidential relationship between Smith and Clark existed at that time; and that Smith exercised undue influence over Mrs. Clark in procuring his place in the will. The court decree that the residuary clause of the will and Smith's appointment as executor be set aside and also directed the revocation of the letters testamentary which had been granted to Smith. Exceptions to that ruling were filed and dismissed by the court en banc. This court affirmed. See *Estate of Clark*, supra.

Subsequently, Smith filed an inventory and account in the above estate which, *inter alia*, listed $21,510.08 as a gift from Mrs. Clark to Smith on December 6, 1971. Leech filed exceptions to the account, *inter alia*, challenging Smith's claim that Mrs. Clark had made him a gift of the $21,510.08. An evidentiary hearing ensued.[2]

The only evidence offered to establish a gift was the testimony of John H. Smith and his wife Lyda[3] presented at the will contest hearing which can be summarized as follows. John H. Smith testified that in late

2. The entire record of the prior litigation, a will contest, was made part of the record of the instant case by stipulation of the parties.

3. In his brief, Leech questions the competency of the Smiths to testify on this issue. However, no objection to introduction of this testimony was made at either the will contest hearing or the subsequent hearing on the exceptions to the account. Therefore, the issue has been waived.

November of 1971, Mrs. Clark contacted the Dollar Savings Bank concerning the procedure necessary to close a savings account she had with that institution. She then directed John H. Smith, who was, and had been, handling her business affairs and possessed a power of attorney to sign checks on her behalf, to take whatever steps were necessary to close the account but not to finalize the transaction until after the interest payable for the month of November was credited to the principal. On December 3, 1971, Mrs. Clark prepared a signed withdrawal slip and directed Smith to finalize the transaction. Smith returned with a check in the amount of $23,010.08, drawn on the Dollar Savings Bank and made payable to Mrs. Clark. On December 6, 1971, Mrs. Clark endorsed the check without restriction and instructed Smith to return $1,500.00, intended for her use in buying Christmas presents, but to keep the balance as a gift from Mrs. Clark to Smith and his wife. Smith testified that he objected the gift was excessive but that Mrs. Clark insisted he take the money and invest it for his own benefit. That same day, Smith purchased a certificate of deposit in the amount of $20,000.00, deposited $1,510.08 in his personal checking account and returned $1,500.00 to Mrs. Clark. Finally, Smith testified that he told no one except his wife and personal accountant [4] about the gift at this time.

Lyda Smith, wife of John H. Smith, testified that she knew nothing of the gift until December 6, 1971 when her husband returned home, showed her the certificate of deposit and told her of Mrs. Clark's generosity. She testified that when she next saw Mrs. Clark, she thanked her for the gift but Lyda Smith could not remember Mrs. Clark's response or any comment Mrs. Clark may have

4. Smith's personal accountant was not called to testify at either hearing but he prepared a gift tax return and filed that return with the IRS on January 18, 1973.

made concerning the gift. Finally, she testified that she told no one about the gift.

On the basis of the above testimony, and the surrounding facts and circumstances appearing in the record of the will contest and the hearing on the exceptions to the account, the court below sustained the exception to the claimed gift and surcharged Smith in the amount of $21,510.08. The rationale of that decree was stated in the alternative by the chancellor. First, he concluded that the testimony offered by the Smiths failed to establish donative intent and delivery, the necessary elements of a gift, *Rankin v. Kabian*, 414 Pa. 554, 201 A.2d 424 (1964), by clear, precise, direct and convincing evidence, which is the burden of proof placed on the proponent of a gift.[5] *Pappas Estate*, 428 Pa. 540, 239 A.2d 298 (1968); *Brozenic Estate*, 416 Pa. 204, 204 A.2d 918 (1964); *Rankin v. Kabian*, supra. In the alternative, the chancellor concluded, even if the testimony established a prima facie case that a gift from Clark to Smith was made on December 6, 1971, that prima facie case raised a rebuttable presumption of the validity of the gift and shifted the burden to Leech to rebut that presumption by clear, precise and convincing evidence. *Fenstermaker Estate*, 413 Pa. 645, 198 A.2d 857 (1964); *Rogan Estate*, 404 Pa. 205, 171 A.2d 177 (1961). The chancellor concluded further that Leech had carried his burden and rebutted the presumption by showing that a confidential relationship existed between Smith and Clark at the time of the gift. Based on this the chancellor ruled the burden was on Smith to affirmatively show that the gift

---

5. The chancellor cited two circumstances in the Smiths' own testimony which militated against their assertion of the gift as the reasons why he was unconvinced. First, Mrs. Clark's desire to have the interest credited to her account before disposition did not comport with the casual nature of the gift described by John H. Smith. Second, in light of the generosity of the gift, Mrs. Smith could not remember anything Mrs. Clark may have said concerning the gift.

was procured without taint of undue influence or deception. *Shaffer v. Shaffer*, 344 Pa. 158, 23 A.2d 883 (1942); *Union Trust Co. of Pittsburgh v. Schreck*, 335 Pa. 190, 6 A.2d 428 (1939); *McCown v. Fraser*, 327 Pa. 561, 192 A.2d 674 (1937). Finally, the chancellor found that Smith had not carried his burden to affirmatively show that the gift was free of taint and entered an appropriate decree. After these findings and decree were affirmed by a court en banc, Smith filed the instant appeal.

This appeal presents the single question of whether or not the trial court erred in voiding the claimed gift. For the purposes of the disposition of this appeal, we will assume that a prima facie case of a gift was made out by Smith and will not reach or discuss the issue of whether the trial court erred in concluding that a prima facie case of a gift was not established.

At the outset, we note that the standard to be applied by an appellate court on review in this case is not whether the appellate court would reach the same result but rather whether the findings of fact of the chancellor, approved by the court en banc, are based upon legally competent and sufficient evidence, and whether the trial court committed an error or abused its discretion. *Treitinger Will*, 440 Pa. 616, 269 A.2d 497 (1970); *Williams v. McCarroll*, 374 Pa. 281, 97 A.2d 14 (1953).

When the donee establishes a prima facie case of a gift, a rebuttable presumption arises that the gift is valid and the burden is then on the contestant to rebut the presumption by clear, precise and convincing evidence. *Fenstermaker Estate*, supra; *Rogan Estate*, supra. However, it is well-settled that by showing a confidential relationship between the donor and donee existed at the time of the gift, the burden then shifts to the donee to show that the gift was free of any taint of undue influence or deception. *Shaffer v. Shaffer*, supra; *Un-*

*ion Trust Co. of Pittsburgh v. Schreck,* supra; *McCown v. Fraser,* supra. Here, the record of the proceedings in the will contest is replete with testimony showing Mrs. Clark's deteriorated mental and physical condition during the period between November, 1971 and April, 1972 and the degree of control over Mrs. Smith's financial affairs exercised by Smith.[6] Smith had a power of attorney to sign checks against Mrs. Clark's extensive checking account, controlled and rented Mrs. Clark's property, and served as her financial advisor.

■■ A confidential relationship exists " '. . . as a matter of fact whenever one person has reposed a special confidence in another to the extent that the parties do not deal with each other on equal terms, either because of an overmastering dominance on one side, or weakness, dependence or justifiable trust, on the other.' " *Truver v. Kennedy,* 425 Pa. 294, 306, 229 A.2d 468, 474 (1967), quoting from *Ringer v. Finfrock,* 340 Pa. 458, 462, 17 A.2d 348 (1941). Here, Mrs. Clark's weakened mental condition and dependence on Smith in her financial dealings, coupled with Smith's assumption of control over Mrs. Clark's business affairs, fully warranted the chancellor's finding that Smith and Clark stood in a confidential relationship at the time the gift was made.[7] Therefore, the burden was on Smith to show the validity of the gift.

■ In order to carry his burden, Smith was required to affirmatively show that the gift was the free, voluntary and intelligent act of Mrs. Clark, *Teats v. Anderson,* 358 Pa. 523, 58 A.2d 31 (1948), and, since the parties did not deal on equal terms, Smith was also required

6. For a more complete account of Mrs. Clark's mental condition at this time, and the degree of control exercised by Smith see *Estate of Clark,* supra, 334 A.2d at 633.

7. Indeed, a confidential relationship and exercise of undue influence over Mrs. Clark by Smith was found in the prior will contest proceeding. See *Estate of Clark,* supra.

to show that he acted with scrupulous fairness and good faith and that he did not abuse the confidence placed in him by Mrs. Clark. *Lochinger v. Hanlon,* 348 Pa. 29, 13 A.2d 1 (1943). After a careful consideration of the record in both the will contest and the exceptions to the account proceedings,[8] we cannot say as a matter of law that the trial court erred in finding Smith had failed in his burden.

Decree affirmed. Costs on appellant.

JONES, C. J., did not participate in the consideration or decision of this case.

8.  Smith did not offer any further testimony as to the gift at the hearing on the exceptions to the account and rested his case on the testimony offered at the will contest hearing.