582 A.2d 1138

**Anne PARK, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 15, 1990.

Decided Oct. 11, 1990.

458

Charles A. Merchant, Goehring, Rutter & Boehm, Pittsburgh, for petitioner.

Jeffrey P. Schmoyer, with him, Edward P. Carey, Regional Counsel, Pittsburgh, for respondent.

Before McGINLEY and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

McGINLEY, Judge.

Anna Park (Petitioner) petitions for review of a final determination of the Department of Public Welfare (DPW) denying her medical assistance benefits. The Allegheny County Assistance Office (CAO) received an application for medical assistance benefits for nursing home care for Petitioner. The application was denied on the basis that there was insufficient information provided concerning Petitioner's resources. An appeal was taken on Petitioner's behalf by her son, Kenneth Park (Kenneth). After a hearing, DPW's hearing officer denied the appeal. DPW's Officer of Hearings and Appeals affirmed, as did the Secretary by order dated November 17, 1989. This petition followed.

The hearing officer made the following findings:

1. On January 17, 1989, the CAO received MA application for nursing home care for the appellant which was dated December 15, 1988.

2. The CAO, investigating through county records, learned that the appellant had sold a farm in 1986 for almost $400,000 and asked for information regarding the proceeds of that sale.

3. On March 3, 1989 the CAO notified the appellant with a PA/FS 162, Notice to Applicant, that the application for MA was denied as insufficient information had been provided about the appellant's resources.

4. The appellant's son filed a timely appeal on her behalf on March 31, 1989.

5. Subsequent to filing the appeal, the appellant's son made the following information available to the Department:

a. The appellant appointed her son, Kenneth W. Park as her Power of Attorney on January 9, 1985.

b. The appellant owned a farm in the North Hills with her sons, Kenneth and Vance.

c. The farm was sold in July 1986 for $388,179.96.

d.   The proceeds from the sale of the farm were put into a joint checking Account for Anna W. Park or Vance Park or K.W. Park that had existed since at least 1980.

e.   On July 23, 1986 Kenneth Park transferred $378,179.96 to an insured money fund in his name and the appellant's name.

f.   On November 3, 1986 Kenneth Park established a Deed of Trust with himself as settlor, beneficiary and trustee.

g.   On November 12, 1986 Kenneth Park closed the money fund account joint [sic] for himself and his mother and opened another account depositing $359,842.04 into that account administered by the Deed of Trust.

h.   The terms of the trust were that the income of the trust would be paid to Kenneth Park and that the principal could be distributed to himself at his own discretion; upon the death of Kenneth Park, the principal would transfer to Joanne Seaman–Park, Kenneth Park's wife, and upon her death to the appellant then to the appellant's son Vance then to Vance's wife Marilyn then to the children and grandchild of Vance and Marilyn Park.

6.   The proceeds from the sale of the farm in July 1986 are now in the trust account of Kenneth W. Park.

Hearing Officer's Decision, August 24, 1989 at 1–2.

The hearing officer concluded that the farm proceeds are clearly traceable and that Petitioner failed to produce any documentary evidence that Petitioner intended to transfer her share of the farm proceeds to any other person. Taking into account the power of attorney to Kenneth, the hearing officer determined that DPW established that Petitioner's one third interest in the farm proceeds was still owned by her through her power of attorney to Kenneth. The hearing officer noted that Kenneth did not consider the trust account as being his alone. The hearing officer noted that Kenneth attempted to establish that petitioner had made ten $10,000 gifts to members of her family on Septem-

ber 15, 1986 out of the farm proceeds,[1] yet Kenneth proceeded to place all of the farm proceeds into the trust, including Vance Park's share of the proceeds. As a result Kenneth placed himself in the awkward position of agreeing that most of the money in his so called trust account was not his, contrary to the terms of the trust.

On appeal to this Court, Petitioner argues that Kenneth did not exercise the power of attorney in connection with the farm proceeds because Petitioner was competent at the time of the sale of the farm; that the transfer of the farm proceeds should not be at issue since the transfer took place more than 24 months before Petitioner applied for medical assistance; that the farm proceeds are not an available resource to Petitioner; that even if Kenneth acted pursuant to his power of attorney the transfer of the proceeds was in Petitioner's best interest; and that Petitioner ratified the transfer of the farm proceeds by not taking action to recover the money.

The issue before this Court is whether the hearing officer erred in determining that Petitioner still owns her share of the farm proceeds through the power of attorney granted to Kenneth and is ineligible for medical assistance. Our scope of review of a DPW decision is limited to a determination of whether the adjudication was in accordance with the law, whether any constitutional rights were violated and whether all the necessary findings of fact were supported by substantial evidence. *Hankinson v. Department of Public Welfare,* 56 Pa.Commonwealth Ct. 307, 424 A.2d 625 (1981).

Petitioner argues that, pursuant to section 1404(a) of the Public Welfare Code, Act of July 13, 1967, P.L. 31 *as amended,* 62 P.S. § 1404(a)[2] the transfer of November 12,

1. Ten affidavits executed at various times between April 18, and May 2, 1989 by Petitioner's decedents and daughters-in-law, reflect that each received a $10,000.00 gift from Petitioner on September 15, 1986. Reproduced Record (R.R.) at 84a–98a.

2. Section 1404(a) provides:

1986 did not occur within two years of the application, therefore there is no requirement that Petitioner demonstrate that the transfer was a bona fide arm's length transaction.

■ DPW contends that, when Kenneth closed the money fund account which was maintained in joint names with his mother and opened another account administered by the Deed of Trust, he acted as Mrs. Park's attorney-in-fact and that Petitioner's share of the farm proceeds are still hers. The instrument appointing Kenneth with Petitioner's general power of attorney, which DPW insists controls, was executed January 9, 1985 and specifically authorizes Kenneth to conduct the sale of the farm which is fully described by metes and bounds. Other specified power authorize Kenneth to sell, transfer, and assign securities or other assets either jointly with the Petitioner or in his own name. DPW asserts, therefore, that when Kenneth opened the trust account the title to Petitioner's share of the farm proceeds was not transferred. We agree with this assessment.

■ There is nothing of record to establish that Petitioner intended to revoke the power of attorney or that Petitioner intended to relinquish possession of her portion of the farm proceeds.[3] In fact, Kenneth as fiduciary is bound to

(a) Any person applying for medical assistance benefits shall certify to the department that he or she has not transferred title to or ownership interests in any real or personal property to any third person or party within the two years immediately preceding such application; if such a transfer has occurred, the recipient must disclose the nature of the transfer and must demonstrate that it involves, a bona fide arm's length transaction resulting in compensation paid to the transferor in an amount equal to or greater than the fair market value of the property as determined by the department.

3. It is interesting to note that Kenneth urges that his action in moving the farm proceeds from one account to another is proof that Petitioner transferred her interest. At the same time Kenneth maintains the identical treatment of Vance's funds does not affect Vance's interest. In fact, Kenneth steadfastly insists that Vance's proceeds are available to him. In light of this incongruity, and absent any evidence that would tend to show that Petitioner intended a transfer, it is difficult

act in Petitioner's best interests. *Sutliff v. Sutliff,* 515 Pa. 393, 528 A.2d 1318 (1987). It is not in Petitioner's best interest to be indigent. Kenneth maintains that the transfer was made pursuant to Petitioner's desire that her share of the farm proceeds be a gift to Kenneth and other members of her family. Intent of the donor, delivery of the gift and acceptance by the donee are prima facie evidence of a gift. *In re Estate of Sipe,* 492 Pa. 125, 422 A.2d 826 (1980). As to the intent requirement, the only evidence presented is Kenneth's assertion that Petitioner intended that her share of the proceeds be gifted to her relatives. The hearing officer was not persuaded by Kenneth's testimony. Moreover, to this day the funds remain in the trust controlled by Kenneth who possesses power of attorney to act on Petitioner's behalf.[4]

Finally, Petitioner contends that even if Kenneth was acting within his power of attorney when he placed the farm proceeds in his trust account, Petitioner has failed to bring legal action against him and thus has ratified the transaction. The cases offered in support of this contention involve transfers by an agent to a third party. Here, there is a shifting of the funds by the agent into a trust which he controls. Although there is evidence that Petitioner was competent at the time she executed the power of attorney there is no evidence of record that Petitioner, who was present at the hearing but did not testify, is competent to bring a legal action against her son.

We conclude that the findings of DPW are supported by substantial evidence and that Petitioner has failed to prove that she transferred title to her property to another to the extent required by the allowable asset provision of 55

for this Court to accept that Kenneth's shifting of funds from one account to another establishes an intent on the part of Petitioner to transfer her share of the proceeds.

4. We note that prima facie evidence of a gift may nevertheless be rebutted by showing that the donor and donee stood in a confidential relationship. *See In re Estate of Clark,* 467 Pa. 628, 359 A.2d 777 (1976).

Pa.Code § 178.173, Appendix A.[5] To date, we find that all of the actions taken by Kenneth Park have been consistent with the terms under which he acts as Petitioner's attorney-in-fact. Therefore, we affirm the order of DPW.

## ORDER

AND NOW, this 11th day of October, 1990, the order of the Department of Public Welfare in the above captioned matter is hereby affirmed.

5. This section sets the resource limits for a potential indigent recipient of medical assistance at $2,400.00.