582 A.2d 103

**Bozena BEMOWSKI, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 13, 1990.

Decided Nov. 8, 1990.

Ellen J. Feinberg, Hayt, Hayt & Landau, Philadelphia, for petitioner.

Mary C. Walsh, Asst. Counsel, Philadelphia, for respondent.

Before SMITH and KELLEY, JJ., and BARRY, Senior Judge.

KELLEY, Judge.

Bozena Bemowski (petitioner) appeals, in the form of a petition for review, from a final order on the merits entered by the Secretary of the Department of Public Welfare (DPW) on November 15, 1989. The final order on the

merits affirmed the August 23, 1989 final administrative action order entered by DPW, Office of Hearings and Appeals, denying petitioner's request for medical assistance (MA) benefits. We affirm.

Petitioner's husband, Janusc Bemowski, was an in-patient at Northeastern Hospital from December 2, 1988 to January 16, 1989. Petitioner filed two applications with DPW, on January 4, 1989 and March 13, 1989, for MA benefits for herself and her husband to cover this hospitalization. The bill for her husband's medical treatment totalled $69,753.65.

Petitioner was found to have resources of $6,048.03 in December 1988, the month for which MA benefits were requested. Petitioner's resources exceeded the appropriate MA resource limit of $3,200.00 by $2,848.03. When petitioner could not provide proof that her excess resources were applied to the payment of medical services, each of her applications for MA benefits was separately denied by DPW.

Petitioner filed timely appeals of each application denial. A hearing was held on March 20, 1989, regarding petitioner's application of January 4, 1990, and also on June 26, 1989, regarding the application of March 13, 1989.

Each hearing officer denied the petitioner's request for MA benefits due to the existence of excess resources. The Secretary of DPW affirmed each final order of the Office of Hearings and Appeals after reconsideration. Petitioner's appeal to this Court addresses only the denial of MA benefits based on the March 13, 1989 application.

 Petitioner argues that the hearing officer erred as a matter of law when he concluded that her application for MA benefits must be denied due to the existence of excess resources.[1]

---

1. This Court's scope of review is limited to a determination of whether the adjudication by DPW is in accordance with the law, the findings of fact are supported by substantial evidence, and no constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Harston Hall Nursing & Convalescent Home, Inc.*

The Medicaid program was established in 1965 in Title XIX of the Social Security Act[2] "for the purpose of providing federal financial assistance to States that choose to reimburse certain costs of medical treatment for needy persons." *Schweiker v. Hogan,* 457 U.S. 569, 571, 102 S.Ct. 2597, 2600, 73 L.Ed.2d 227 (1982) (citing *Harris v. McRae,* 448 U.S. 297, 301, 100 S.Ct. 2671, 2680, 65 L.Ed.2d 784 (1980)). Participating States are required to provide Medicaid coverage to the categorically needy, which are those recipients who are aged, blind, disabled, or families with dependent children. *Hogan,* 457 U.S. at 572, 102 S.Ct. at 2600.

At their option, States may also provide coverage to other individuals described as the medically needy. *Id.* The medically needy may receive assistance only if their income and resources are insufficient "to meet the costs of necessary medical or remedial care and services." *Id.* at 573, 102 S.Ct. at 2601 (citing 79 Stat. 345, *as amended,* 42 U.S.C. § 1396a(a)(10)(C)).

Participating States in the Medicaid program must establish eligibility standards for the optional coverage provided to the medically needy. *Hogan,* 457 U.S. at 574, 102 S.Ct. at 2601. In Section 1902(a)(17) of the Act, 42 U.S.C. § 1396a(a)(17), Congress set forth certain requirements governing state standards for determining eligibility. Specifically, States are required to "provide for flexibility in the application of such standards with respect to income by taking into account, . . . the costs (whether in the form of insurance premiums or otherwise) incurred for medical care or any other type of remedial care recognized under State law." *Hogan,* 457 U.S. at 574, 102 S.Ct. at 2601 (citing 79 Stat. 346; *see* 42 U.S.C. § 1396a(a)(17)).

The Commonwealth of Pennsylvania is a participating State and through section five of the Public Welfare Code, 62 P.S. § 442.1, has authorized the Department of Public

*v. Department of Public Welfare,* 99 Pa.Commonwealth Ct. 475, 513 A.2d 1097 (1986).

2. 42 U.S.C. §§ 1396–1396s.

Welfare to establish standards of financial eligibility for the medically needy.[3]

Under such authorization, DPW has promulgated regulations that establish the criteria used to determine financial eligibility for MA benefits. These regulations mandate that a family of two in the medically needy category cannot have resources in excess of $3,200.00 and still be eligible for MA benefits. 55 Pa.Code § 178 (Appendix A).

Resources are defined as "real or personal property which a person has or can make available for partial or total support, including equitable interests and partial interests." 55 Pa.Code § 178.2. Resources used by an applicant "to pay for medical expenses incurred during the retroactive eligibility period or the continuing eligibility period are not counted once the resources are used to pay the medical expenses." 55 Pa.Code § 178.1(j).

A review of the record shows that petitioner in this case had excess resources in the amount of $2,848.03. The record reveals that in accordance with 55 Pa.Code § 178.1(j), the petitioner was given the opportunity to provide documentation that she applied these excess resources towards the payment of medical expenses in order to properly calculate her resource eligibility for MA benefits. However, petitioner did not provide such documentation, and her application for MA benefits was accordingly denied by DPW.

 Petitioner argues that the Commonwealth should provide for resource spend down. Resource spend down

---

3. Section 5 of the Public Welfare Code, Act of June 13, 1967, P.L. 31, *as amended,* added by Act of July 31, 1968, P.L. 904, *as amended,* 62 P.S. § 442.1. 62 P.S. § 442.1(2) provides that a person shall be considered medically needy if he:

Meets the standards of financial eligibility established by the department with the approval of the Governor. In establishing these standards the department shall take into account (i) the funds certified by the Budget Secretary as available for medical assistance for the medically needy; (ii) pertinent Federal legislation and regulations; and (iii) the cost of living. Transitionally needy persons who are not eligible for cash assistance by reason of section 432(3)(iii) shall be considered medically needy if otherwise eligible.

permits an applicant to be personally liable for the amount, each month, by which her resources exceed the amount which the regulations state she could possess in order to be eligible for MA benefits. The amount for which she is personally liable would be deducted from the actual medical expenses in order to compute benefits.

Petitioner contends that other states have addressed the issue of resource spend down and cites a Massachusetts Supreme Court case, *Haley v. Commissioners of Public Welfare,* 394 Mass. 466, 476 N.E.2d 572 (1985), for the proposition that the Social Security Act does not clearly and unambiguously preclude resource spend down.

The DPW regulations do not provide for resource spend down. As stated earlier in this opinion, providing MA benefits to the medically needy by participating States is *optional* and may be excluded entirely from a State's Medicaid program. *Hogan,* 457 U.S. at 574, 102 S.Ct. at 2601. "[I]n the absence of bad faith, fraud or abuse, the Department of Public Welfare may exercise its discretion in administering all of its public assistance programs to achieve the most equitable distribution of benefits for those in need." *Travis v. Department of Public Welfare,* 2 Pa.Commonwealth Ct. 110, 116, 277 A.2d 171, 174 (1971). Accordingly, such a change in the eligibility criteria for MA benefits by persons in the medically needy category must be made legislatively or by regulation, not judicially.

 Petitioner also argues that her due process rights were violated because DPW failed to make her aware of her right to reduce assets. However, it is the responsibility of the Petitioner to show her eligibility for the benefits sought. *McCartney v. Department of Public Welfare,* 71 Pa.Commonwealth Ct. 116, 455 A.2d 222 (1983). In addition, this Court has held that "[w]hile DPW regulations require that caseworkers assist claimants in establishing eligibility for benefits, *see* 55 Pa.Code §§ 201.1(2) and 201.4(a)(1)(i), we decline to interpret those regulations as requiring DPW caseworkers to assume the role of claimant advocates mandating that they attempt to ferret out all possible avenues

of establishing a claimant's eligibility for benefits sought." *Ream v. Department of Public Welfare,* 93 Pa.Commonwealth Ct. 190, 195, 500 A.2d 1274, 1276 (1985).

No applicant may be determined ineligible for benefits without adequate notice of the reason for denial and the opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case. *Martin v. Department of Public Welfare,* 99 Pa.Commonwealth Ct. 345, 514 A.2d 204 (1986). The record in this case shows that petitioner was provided with:

1. adequate notice of the reason for denial of her application for MA benefits;

2. a fair hearing regarding her application and;

3. the opportunity to present proof that her excess resources were applied to the payment of medical services in order to establish eligibility for MA benefits.

Therefore, petitioner's due process rights were not violated when her application for MA benefits was denied based upon excess resources.

Accordingly, the final order entered by the Secretary of the Department of Public Welfare is affirmed.

ORDER

NOW, this 8th day of November, 1990, the final order on the merits of the Secretary of the Department of Public Welfare, dated November 15, 1989, is affirmed.