Elizabeth Sophia SHAAK a/k/a
Betty Shaak, Petitioner,

v.

PENNSYLVANIA DEPARTMENT OF
PUBLIC WELFARE, Respondent.

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 1997.
Decided March 2, 1998.
Reargument Denied April 30, 1998.

John J. Ferry, Lebanon, for petitioner.

Cynthia A. Fillman, Harrisburg, for respondent.

Before COLINS, President Judge, LEADBETTER, J., and MIRARCHI, Jr., Senior Judge.

COLINS, President Judge.

Betty Shaak has filed a petition for review with this Court presenting the question whether the corpus of an irrevocable trust[1] is an available resource to be considered when determining eligibility for medical assistance benefits as set forth in 55 Pa.Code § 178.4(c). The matter comes to the Court by way of an appeal from the final order on the merits entered by the Secretary of the Department of Public Welfare (DPW) on February 12, 1997. The final order on the merits affirmed the final administrative order entered by DPW, Office of Hearings and Appeals, denying Shaak's appeal of the decision of the Lebanon County Assistance Of-

---

1. It is undisputed that on April 6, 1988 Shaak created an irrevocable trust, naming herself as sole beneficiary during her lifetime. Shaak also entered a trust agreement naming her children as trustees. The trust provides that the trustees "shall hold the trust estate for the primary benefit of the Settlor [Shaak]." On even date, Shaak transferred ownership of her residential property to the trust.

After entering a nursing facility in 1990, Shaak began receiving medical assistance for nursing facility care. Shaak continued receiving medical assistance ·benefits until January 6, 1995, at which time DPW notified Shaak that she was no longer eligible for medical assistance benefits due to excess available resources, specifically $76,902.13 representing the current value of the Trust. That figure represents the proceeds of the sale of the residential property in 1992. The sale proceeds were deposited into an account at Farmers Trust on April 28, 1992. The Farmers Trust Account was closed on September 2, 1992, and the funds were transferred to a trust account at the Dauphin Deposit Bank.

fice. In denying Shaak's appeal, the hearing officer concluded that the corpus of an irrevocable trust created by Shaak in 1988, of which Shaak became a subsequent beneficiary, was an available resource under 55 Pa. Code § 178.4(c) that was in excess of the resource limits established in 55 Pa.Code § 178, Appendix A. Thus, concluded the hearing officer, Shaak was ineligible for continued medical assistance benefits. We reverse and remand for proceedings consistent with this opinion.

▮▮▮ Shaak raises the applicability of 55 Pa.Code § 178.4(c) to the resource at issue, contending that the regulation was not effective at the time the trust was created. We reject this contention on the basis that the relevant date is not the date the trust was created but rather the date of application for medical assistance benefits. We reject both petitioner's and respondent's pre-OBRA '93 analysis (a brief discussion on pre-OBRA '93 legislation is included for historical purposes) and review the matter in light of OBRA '93 and current DPW regulations.

This result affects the dispositive issue questioning whether DPW correctly applied its regulation pertaining to available resources considered in determining eligibility for medical assistance. In substance, Shaak asserts that the hearing officer erred as a matter of law when concluding that she was ineligible for medical assistance benefits because of countable resources.[2] Shaak argues she is not the owner of the trust, and DPW is without authority to impute ownership of a trust to an applicant/recipient of medical assistance benefits. *Lang v. Department of Public Welfare*, 515 Pa. 428, 528 A.2d 1335 (1987); *Park v. Department of Public Welfare*, 135 Pa.Cmwlth. 457, 582 A.2d 1138 (1990).

Respondent DPW does not contradict petitioner's contention and asserts instead, that ownership of the trust is vested in petitioner since petitioner is a trust beneficiary. Such

a conclusion, respondent contends, is mandated under federal and state law, in particular the Social Security Act,[3] 42 U.S.C. §§ 1396a, 1396k, and 55 Pa.Code § 178.4(c). Respondent's argument brings into focus the federal Omnibus Budget Reconciliation Act of 1993 (OBRA '93) which added new requirements regarding the treatment of trusts. Respondent posits that under both pre-OBRA '93 law and OBRA '93 law the trust at issue contained available resources. As stated, we disagree.

▮▮▮ Title XIX of the Social Security Act established the Medicaid program in 1965. Its purpose is to "provide federal financial assistance to States that choose to reimburse certain costs of medical treatment for needy persons." *Schweiker v. Hogan*, 457 U.S. 569, 571, 102 S.Ct. 2597, 2600, 73 L.Ed.2d 227 (1982) (citing Harris v. McRae, 448 U.S. 297, 301, 100 S.Ct. 2671, 2680, 65 L.Ed.2d 784 (1980)). Participating States in the Medicaid program must establish eligibility standards for the optional coverage provided to the medically needy. *Id.* at 574, 102 S.Ct. at 2601–02.

Pre-OBRA '93 there was no direct discussion of trusts in the federal regulations. Trust related issues manifested resulting in a series of policy interpretations by the Social Security Administration, called the Program Operations Manual System ("POMS"), which were relied upon in making eligibility determinations. The POMS provision regarding trusts states: "If the claimant/beneficiary's access to the trust principal is restricted (e.g., only the trustee or court, etc., can invade the principal), the principal is not a resource to the claimant." *Miller v. Ibarra*, 746 F.Supp. 19, 25–26 (D.Colo.1990). Hosts of decisions nationwide have determined that resource availability is the central issue to resolve when determining eligibility for medical assistance benefits. *See Zeoli v. Commissioner of Social Services*, 179 Conn. 83, 425 A.2d 553 (1979) (trust funds subject to

---

**2.** This Court's scope of review is limited to a determination of whether the adjudication of DPW is in accordance with the law, whether the findings of fact are supported by substantial evidence, and whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Bemowski v. De-*

*partment of Public Welfare*, 136 Pa.Cmwlth. 103, 582 A.2d 103 (1990). Shaak presents to the Court a question of law.

**3.** 42 U.S.C. §§ 1396 *et seq.*

trustee's sole discretion not available for Medicaid purposes under 42 U.S.C. § 1396a(17)(B)).

■ The Commonwealth of Pennsylvania is a participating State and through Section 5 of the Public Welfare Code, 62 P.S. § 442.1,[4] has authorized DPW to establish standards of financial eligibility for the medically needy. *Bemowski*, 582 A.2d at 103. DPW's rules governing eligibility state that a medically needy person may not have resources in excess of $2000.00 and still be eligible for benefits. 55 Pa.Code § 178, Appendix A. Prior to the changes to the current regulations, trusts were not specifically discussed in DPW's regulation. In turning to the courts for guidance, the guiding principle was set forth in *Lang*, wherein Mr. Justice Hutchinson wrote that the State may not impute ownership of an asset to an applicant/recipient of medical assistance benefits. While *Lang* is factually distinct from the case herein,[5] we are guided by its concern that ownership of the asset be established rather than imputed. Our position is buttressed by the current regulations promulgated by DPW.

The regulations define resources as "real or personal property which a person has or can make available for partial or total support, including equitable interests and partial interests." 55 Pa.Code § 178.2. "Resources held in a trust established prior to July 30, 1994, are considered resources to the applicant/recipient to the extent that the trust permits use of those resources for the applicant's/recipient's food, clothing, shelter or medical care, regardless of whether the trust is in fact used for food, clothing, shelter or medical care." 55 Pa.Code § 178.4(c). "Establishing the type of ownership is required to determine the availability and the value of the applicant's/recipient's resources." 55 Pa. Code § 178.4(d). Thus, DPW regulation predicates medical assistance eligibility on ownership of an available resource.

Ownership of the trust and availability of a resource are essential components to determining whether a resource is deemed "count-able" under DPW's regulations. 55 Pa.Code § 178.4 provides in pertinent part:

(e) The following rebuttable presumptions apply in determining the availability of both real and personal property resources:

(1) If an applicant/recipient is the sole owner, the resource is presumed available.

(2) If ownership is shared by persons who are applicants/recipients, the resource is presumed available.

(3) If ownership is shared by persons who are applicants/recipients and a person who is not an applicant/recipient and if the applicants/recipients have a separate legal interest which can be disposed of without the consent of the other owners, the applicants'/recipients' share of the resource is presumed available.

(4) If ownership is shared by applicants/recipients and a person who is not an applicant/recipient and the applicants/recipients have a legal interest which can be disposed of only with the consent of the other owner and consent is not withheld, the applicants/recipients' share of the resource is presumed available.

(5) If consent to dispose of resources is needed but withheld by a nonapplicant/nonrecipient, assume that the resource is not available. The shared ownership and the nonapplicant's/nonrecipient's refusal to dispose of the resource shall be verified. The unavailability of resources is verified at application and no less often that at each reapplication.

55 Pa.Code § 178.4(e).

DPW did not consider the applicability of subsection (e) of Section 178.4 of the Code to the case herein; thus, we conclude that DPW erred as a matter of law in reaching its conclusion. We have not ignored DPW's contention that under the provisions of OBRA '93 the trust at issue qualifies as an available resource per 42 U.S.C. § 1396a(k). Rather, we note that the federal law requires participating states to enact legislation, tailored by each participating state, that complies with the federal requirements govern-

---

4. Act of June 13, 1967, P.L. 31, *as amended,* added by the Act of July 31, 1968, P.L. 904, *as amended,* 62 P.S. § 442.1.

5. *Lang* involved a testamentary support trust created by a father for his mentally impaired son.

ing eligibility for medical assistance benefits. DPW's assertion that the provisions of the regulation set forth at 55 Pa.Code § 178.4(c) relating to the treatment of trusts is consistent with OBRA '93 may be correct, however, we cannot ignore the provisions set forth in 55 Pa.Code § 178.4(d)(e) of that very same regulation requiring DPW to determine the availability of the asset in conjunction with determining ownership of the asset. While OBRA '93 may have authorized the treatment of an inter vivos trust as an available resource without consideration given to asset ownership, the regulations promulgated by DPW plainly do not.

Accordingly, the order of the Department of Public Welfare is vacated; the case is remanded to the Department of Public Welfare for proceedings consistent with this opinion.

### ORDER

AND NOW, this 2nd day of March, 1998, the order of the Pennsylvania Department of Public Welfare in the above-captioned matter is vacated; the matter is remanded to the Pennsylvania Department of Public Welfare for proceedings consistent with this opinion.

Jurisdiction relinquished.

LEADBETTER, J., dissents.