**ESTATE OF Georgie E. TAYLOR,
Deceased, Petitioner,**

v.

**DEPARTMENT OF PUBLIC
WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 7, 2003.
Decided June 2, 2003.

Richard R. Tarantine, Pittsburgh, for petitioner.

Andrew A. Coates, Philadelphia, for respondent.

BEFORE: LEADBETTER, Judge, SIMPSON, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge SIMPSON.

The Estate of Georgie E. Taylor (Estate) appeals from an order which held the corpus of an irrevocable trust created by Georgie E. Taylor and her husband, Leonard Taylor (Settlors), was an available resource for Georgie E. Taylor (Taylor). As the trust held assets of at least $103,916.46,[1] DPW determined Taylor was ineligible for Medical Assistance (MA) benefits. For the reasons that follow, we affirm.

On March 8, 1996, the Taylors created an irrevocable trust which named them as beneficiaries. In late July 1996, Leonard Taylor died, leaving Taylor as the trust's sole beneficiary. At the end of May 2001, Taylor was admitted to a nursing home. The next month, the nursing home filed an application for MA nursing home benefits. After the Department of Public Welfare (DPW) received verification from PNC Bank that Taylor owned four accounts with substantial assets, Exhibit C–2, the Dauphin County Assistance office denied Taylor MA benefits. It concluded the trust was an allowable resource for Taylor. Exhibits C–3, C–4.

The Estate appealed, and DPW's Bureau of hearings and appeals (Bureau) held a hearing. Ultimately, the Bureau denied the Estate's appeal. The Estate appeals to this Court.[2]

Settlors established the trust "consisting of their personal property, including but not limited to, the property described in Exhibit A attached hereto[3] and such addi-

---

1. This figure represents the total value of the trust assets as of the Bureau's February 7, 2002, hearing. Exhibit C–7. Reproduced Record (R.R.) at 141a. The MA regulations allow a recipient to have available resources of $2400.00. 55 Pa.Code § 178.7.

2. This Court's review of a DPW adjudication is limited to whether an error of law was committed, whether findings of facts were supported by the evidence, or whether constitutional rights were violated. *Perna v. Dep't of Public Welfare,* 807 A.2d 310 (Pa.Cmwlth. 2002).

3. Exhibit A lists 3 checking accounts and 3 certificates of deposit with PNC Bank, 3 checking accounts and 1 certificate of deposit

tions as may from time to time be made, to be held by Trustee, IN TRUST, for the following uses and purposes and subject to the terms and conditions of this agreement." Reproduced Record (R.R.) at 34a. Paragraph 2 of the trust agreement provides: *"During Settlors' lifetimes, the net income and personalty shall be paid to Settlors* (the initial beneficiaries) and/or held in trust for settlors' maintenance and support." R.R. at 34a (emphasis added).

■ For reasons now lost, the trust instrument neither specifically permits nor specifically prohibits invasion of the principal for the lifetime benefit of the Settlors. The trust permits net income to be distributed during the Settlors' lifetimes. Significantly, it also permits "personalty" to be paid to the Settlors during their lifetimes. Construction of the term "personalty" is the focus of the parties' arguments here.

■ Personalty is defined as personal property. *Merriam–Webster's Collegiate Dictionary* 865 (10th ed.2001). It includes all chattels not affixed to realty. *See Blocker v. City of Philadelphia*, 563 Pa. 559, 763 A.2d 373 (2000). Personal property, in its ordinary as well as its legal sense and meaning, includes stocks, bonds, household goods and cash. *In re Lewis' Estate*, 407 Pa. 518, 180 A.2d 919 (1962).

We adopt the common usage construction of personalty, defined as personal property. Under this construction, any personal property held by the trustee may be distributed to the Settlors during their lifetimes. Thus, any assets in bank accounts, or stocks and bonds, could be distributed. In contrast, the trustee could not distribute real property held in trust, such as a marital home. This construction uses the ordinary meaning of the terms of the trust and renders no part of the trust agreement meaningless.

Under this construction, payment could be made for the benefit of the Settlors from trust assets held in the form of personal property. Because the entire corpus was in the form of personal property at the time of the hearing, the entire corpus could be deemed an available resource under 55 Pa.Code § 178.7.[4] Consequently, we discern no error in the Bureau's determination to that effect.

The Estate argues in part that personalty means personal effects, such as garden tools and household furnishings. We reject this construction for several reasons. First, the construction is inconsistent with the ordinary meaning of the term. While personalty certainly includes furniture and garden tools, it is not so limited. Second, the construction is inconsistent with the trust agreement, which in Exhibit A specifically excludes from the Settlors' corpus furniture and garden tools. These items

with Parkvale Savings Bank, and a Prudential Insurance Company contract. The last paragraph of Exhibit A provided that: "Any and all personal property, excluding household furniture and household furnishings and gardening tools, the latter which are reasonably necessary for proper maintenance for lawns, shrubs and gardening. Said household furniture; furnishing, and gardening tools are held in trust for Judith Renetta Taylor." Reproduced Record (R.R.) at 37a.

4. 55 Pa.Code § 178.7(e)(2)(i) specifically addresses how to evaluate an irrevocable trust and states [in relevant part]:

(2) In the case of an irrevocable trust:
(i) If there are circumstances under which payment from the trust could be made to or for the benefit of the individual, the portion of the corpus from which, or the income on the corpus from which payment to the individual could be made shall be considered resources available to the individual, and payments from that portion of the corpus or income to or for the benefit of the individual shall be considered income of the individual. . . .

are held in trust for someone else and could not be distributed to the Settlors during their lifetimes. The terms of Exhibit A would be meaningless under the Estate's construction of personalty.

Our approach comports with recent decisions of the Pennsylvania Supreme Court. *Shaak v. Pennsylvania Dep't of Public Welfare,* 561 Pa. 12, 747 A.2d 883 (2000); *Rosenberg v. Dep't of Public Welfare,* 545 Pa. 27, 679 A.2d 767 (1996).

In *Shaak,* the Court summarized the salient factors to be reviewed, in addition to the actual trust language, when a court is compelled to determine a settlor's intent. Those factors include whether the trust provided for one or more beneficiaries and whether the beneficiary received public assistance during the settlor's lifetime. If the trust allowed the principal to be used for multiple beneficiaries, the Court presumed the settlor did not intend the entire corpus of the trust to be used for only one beneficiary, particularly when that beneficiary received public assistance during the settlor's lifetime. *Lang v. Dep't of Public Welfare,* 515 Pa. 428, 528 A.2d 1335 (1987); *Snyder v. Dep't of Public Welfare,* 528 Pa. 491, 598 A.2d 1283 (1981). However, where the trust document gave the trustee discretion to use the principal for the welfare of a sole beneficiary, the Court presumed the settlor intended the principal to be an available resource. *Rosenberg; Commonwealth Bank and Trust Co. v. Dep't of Public Welfare,* 528 Pa. 482, 598 A.2d 1279 (1991).

Here, at the time of the hearing, Ms. Taylor was the sole remaining beneficiary. She did not receive public assistance at the time she and her husband created the trust. Similar to the Supreme Court's decision in *Shaak,* we determine the Taylors intended the corpus of the trust be used for the surviving settlor spouse's benefit during her lifetime.

Pursuant to statute, regulation, and case law, Georgie E. Taylor had the burden of proving her eligibility for medical assistance. *Bird v. Dep't of Public Welfare,* 731 A.2d 660 (Pa.Cmwlth.1999). In order to rebut DPW's position, the Estate's legal representative needed to present evidence at the hearing that DPW incorrectly applied 55 Pa.Code § 178.7 when it denied the nursing home's application for medical assistance for Taylor. The Estate's representative failed to prove that the trust, funded with the beneficiary's personal property, was not available for her care and maintenance.

Accordingly, we affirm the decision of the Bureau.

### ORDER

AND NOW, this 2nd day of June, 2003, the decision of the Bureau of Hearings and Appeals of the Department of Public Welfare in the above-captioned matter is affirmed.